UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAMI A.,

                 Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

Case No. C20-5893 RAJ

**ORDER REVERSING AND REMANDING DEFENDANT'S DENIAL OF BENEFITS**

    Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. Plaintiff contends the ALJ erred by (1) rejecting Plaintiff's symptom testimony, (2) rejecting the opinions of Erin Dodge, M.D., and failing to fully address the limitations set forth by Norman Staley, M.D., and JD Fitterer, M.D., and (3) rejecting the opinions of Alysa Ruddell, Ph.D., and therapist Haley Grossan. *See* Dkt. 18, p. 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

    Plaintiff is 54 years old, has a limited education, and has no past relevant work. Admin. Record (Dkt. 16) 22, 78. Plaintiff applied for benefits in July 2018, alleging disability as of July 1, 2018. AR 34, 173–78. Plaintiff's applications were denied initially and on reconsideration.

AR 77–104. The ALJ conducted a hearing at Plaintiff's request on September 24, 2019. AR 29–76. On November 25, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 15–24. In relevant part, the ALJ found Plaintiff had severe impairments of major depressive disorder and generalized anxiety disorder. AR 17. The ALJ found Plaintiff had no physical work limitations, but had some cognitive and social limitations. *Id.*

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–3.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

### A. Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred by rejecting her testimony regarding the severity of her symptoms. Dkt. 18, pp. 2–6. Plaintiff testified she has difficulty leaving her home, and is afraid to go out in public without a family member. *See* AR 38–39, 204, 207, 209. Plaintiff testified she has esophageal spasms almost every day, and has multiple spasms three to four days a week. AR 60. She reported she has problems with lifting, squatting, bending, standing, walking, sitting, kneeling, and climbing stairs due to pain in her back. *See* AR 204, 208–09.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). At this

stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; she does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged. *Id.* The ALJ found Plaintiff met this step. AR 20.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison*, 759 F.3d at 1014–15.

The ALJ erred in rejecting Plaintiff's testimony regarding the severity of her symptoms due to mental impairments. The ALJ first reasoned Plaintiff's testimony was inconsistent with the medical evidence, which the ALJ found showed unremarkable mental status exams. *See* AR 20. But Plaintiff's providers frequently documented that she was depressed, anxious, tearful, easily distracted, and had rapid speech, among other things. *See, e.g.*, AR 352, 359, 379, 386, 392, 407, 518, 521, 539, 651, 660, 675, 690. The ALJ failed to confront this when he stated in summary fashion that Plaintiff's mental status examinations were "largely unremarkable." AR 20. The ALJ's conclusory statement here was insufficient to support rejecting Plaintiff's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) ("It's not sufficient for the ALJ to make only general findings; he must state which [symptom] testimony is not credible and what evidence suggests the complaints are not credible.").

The ALJ next reasoned the evidence showed Plaintiff improved with medication. AR 20–21. But "[r]eports of improvement in the context of mental health must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Garrison*, 759 F.3d at 1017. Moreover, "'[t]here can be a great distance between a patient who responds to treatment and one who is able to enter the workforce.'" *Id.* at 1017 n.23 (quoting *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011)). The evidence to which the ALJ cited here showed some

reports of improvement, but no long-term control of symptoms, or improvement to the point that the evidence contradicted Plaintiff's testimony. For example, Plaintiff reported at one visit that her antidepressant was improving her mood, but her panic attacks had gotten worse and she still exhibited an anxious mood. AR 745. Elsewhere, Plaintiff reported group therapy was helping, but she still felt lost, sad, and bothered by loud noises. *See* AR 631, 633–34. The ALJ's finding that Plaintiff's testimony was inconsistent with her improvement with treatment was not supported by substantial evidence.

The ALJ rejected Plaintiff's testimony regarding the severity of her symptoms from her mental and physical statements because he determined it was inconsistent with her level of functioning in her daily activities. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Regarding Plaintiff's symptoms from her mental impairments, the ALJ noted Plaintiff made wreaths to sell online, attended several family events, participated in group therapy, moved to a new living space, and attended a masquerade party. AR 20. None of these activities contradicted Plaintiff's testimony or showed transferable work skills. For example, participating in family events does not contradict Plaintiff's claims that she needs a family member with her to go out in public. *See* AR 360, 553. Similarly, participating in group therapy, a setting specifically designed to treat Plaintiff's symptoms, does not contradict Plaintiff's claims that she has difficulty leaving her home unaccompanied. *See* AR 631, 633, 634, 640, 641. Plaintiff did attend a masquerade party without having anxiety, as the ALJ noted, but this single instance does not negate her testimony, particularly when, as discussed above, the ALJ failed to adequately evaluate the medical evidence showing continued anxiety. *See Fair*,

885 F.2d at 603 ("[T]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . .").

Turning to Plaintiff's physical symptoms, the ALJ failed to identify any activities that contradicted Plaintiff's claims or showed transferable work skills. The ALJ noted Plaintiff "drives, shops for food in stores, prepares simple meals, and does her own laundry." AR 21. But "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Similarly, the fact that Plaintiff "does crafts, reads, watches television, and uses her smart phone to do internet research, play games, and interact on social media" does not establish that she can perform the physical activities required of work. AR 21. The ALJ thus erred.

Defendant argues Plaintiff waived any challenge to her physical symptom testimony because the ALJ found no severe physical impairment at step two, and Plaintiff did not challenge that finding. *See* Dkt. 24, p. 3. Even assuming Plaintiff waived a challenge to the ALJ's step two finding, that does not absolve the ALJ here. The step-two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). At the RFC phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe. *Id.* at 1049. "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis omitted). And the ALJ's step two analysis did not provide any specific evaluation of the evidence that could undermine Plaintiff's testimony, as the ALJ simply concluded that the evidence did not indicate any "ongoing complications or severe symptoms from [Plaintiff's alleged physical] impairments that cause more than minimal

limitation in basic work activities." AR 17. The ALJ thus harmfully erred in rejecting Plaintiff's physical and mental symptom testimony.

### B. The Physical Limitation Opinions of Dr. Dodge, Dr. Staley, and Dr. Fitterer

Plaintiff contends the ALJ's RFC determination was not supported by substantial evidence because the ALJ erroneously rejected Dr. Dodge's opinions and failed to adequately address Dr. Staley's and Dr. Fitterer's opinions. Dkt. 18, pp. 6–7. Dr. Dodge was Plaintiff's primary care doctor. *See* AR 320–23, 572–80, 585–607. In August 2018, Dr. Dodge completed a physical functional evaluation. *See* AR 464–68. Dr. Dodge opined, among other things, that Plaintiff had a mild limitation in her ability to lift, crouch, and bend due to degenerative disc disease. *Id.* Dr. Dodge opined that Plaintiff was limited to light work, defined as lifting 20 pounds maximum and 10 pounds frequently, and walking or standing six out of eight hours. AR 466.

Dr. Staley and Dr. Fitterer each opined that Plaintiff was limited to lifting 20 pounds occasionally and ten pounds frequently, could stand and/or walk for six hours in an eight-hour work day, and could sit for six hours in an eight-hour work day due to a spine disorder and history of deep vein thrombosis. AR 84, 98–99. Dr. Staley and Dr. Fitterer opined that Plaintiff was limited to frequently climbing ladders, ropes, and scaffolds, and crawling. AR 84–85, 99.

The ALJ found Dr. Dodge's opinions unpersuasive. AR 21. The ALJ reasoned a lumbar MRI showed relatively mild degenerative changes, Dr. Dodge found Plaintiff had normal range of motion in her spine and all joints, Dr. Dodge noted Plaintiff's symptoms were intermittent, and Dr. Dodge noted Plaintiff was seeking disability based on psychological impairments. *Id.* The ALJ did not state whether he found Dr. Staley's and Dr. Fitterer's opinions persuasive, but the context of the ALJ's decision and the similarities among these doctors' opinions indicates the

ALJ was rejecting all three doctors' opinions for the same reasons. *See id.*; *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may be reasonably discerned." (internal quotation marks and citations omitted)).

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Dkt. 24, pp. 6–7. In 2017, the Commissioner issued new regulations governing how ALJs are to evaluate medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. § 416.920c(a)–(b). That explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo*, 871 F.3d at 674. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Turning to the ALJ's analysis of Dr. Dodge's opinions, and, by inference, Dr. Staley's

and Dr. Fitterer's opinions, Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). The ALJ reasonably found the doctors' opinions that Plaintiff was limited due to back pain were inconsistent with the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that a treating physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record). As the ALJ noted, the MRI of Plaintiff's lumbar spine showed "[r]elatively mild degenerative changes to the lumbar spine . . . without significant central canal or foraminal stenosis." *See* AR 469–70. The ALJ also noted Dr. Dodge found Plaintiff had normal range of motion in all major joints. *See* AR 467–68. These findings of essentially no documented back impairments are inconsistent with the doctors' opinions of limitation due to such an impairment.

The ALJ erred in rejecting Dr. Dodge's opinions based on the claim that Dr. Dodge noted Plaintiff was alleging disability based on her mental symptoms rather than her physical ones, but that error was harmless. An error is harmless "where it is 'inconsequential to the ultimate nondisability determination.'" *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). The ALJ reasonably rejected Dr. Dodge's opinions as inconsistent with the medical evidence, so his inclusion of an erroneous reason for rejecting those opinions was inconsequential and thus harmless.

    **C.**    **The Mental Limitation Opinions of Dr. Ruddell and Ms. Grossan**

Plaintiff contends the ALJ erred by rejecting the opinions of examining psychologist Dr. Ruddell and treating therapist Ms. Grossan. Dkt. 18, pp. 7–9. Different standards apply to the ALJ's reasons for rejecting these providers, so the Court addresses them separately.

### 1. Dr. Ruddell's Opinions

Dr. Ruddell examined Plaintiff in August 2018. *See* AR 459–63. Dr. Ruddell opined that Plaintiff had marked limitations in her ability to perform activities within a schedule and maintain attendance, adapt to changes in a routine work setting, complete a normal work day or week without interruptions, and set realistic goals and plan independently. AR 461. Dr. Ruddell opined that Plaintiff was severely limited in her ability to learn new tasks. *Id.*

The ALJ rejected Dr. Ruddell's opinions as inconsistent with and unsupported by the medical evidence, and inconsistent with Plaintiff's activities of daily living. AR 22. As explained above, the ALJ needed to give specific and legitimate reasons for rejecting Dr. Ruddell's opinions. *See Kathleen G.*, 2020 WL 6581012, at *3. None of the ALJ's reasons met this standard.

The ALJ erred in rejecting Dr. Ruddell's opinions. The ALJ's reasons for rejecting Dr. Ruddell's opinions mirrored his reasons for rejecting Plaintiff's mental symptom testimony. *See* AR 20, 22. That analysis fails with respect to Dr. Ruddell's opinions for the same reasons it failed with respect to Plaintiff's testimony. The ALJ therefore failed to give specific and legitimate reasons for rejecting Dr. Ruddell's opinions, and harmfully erred.

### 2. Ms. Grossan's Opinions

Ms. Grossan was one of Plaintiff's therapists. *See* AR 608–30, 638–39, 642–44, 646–50, 657–65, 669–77, 681–83, 687–95, 699–707, 711–13, 717–29. Ms. Grossan responded to a questionnaire from Plaintiff's counsel in May 2019. AR 748–49. Ms. Grossan agreed with a statement that Plaintiff suffered from symptoms that would interfere with her ability to maintain concentration, persistence, and pace at a job even if she was limited to simple, routine tasks and occasional, superficial interaction with others. AR 748. Ms. Grossan agreed Plaintiff suffered

from symptoms that would interfere with her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. AR 749.

The ALJ rejected Ms. Grossan's opinions as inconsistent with the medical evidence of unremarkable mental status exams and improvement on medication. AR 22.

The ALJ was required to give germane reasons to reject Ms. Grossan's opinions. *See Molina*, 674 F.3d at 1111. Ms. Grossan is not an acceptable medical source under the Commissioner's new regulations, and is thus not entitled to the same level of deference as licensed medical professionals such as doctors and nurse practitioners. *See id.*; 20 C.F.R. § 416.902(a).

Even under this lighter standard, the ALJ erred. The ALJ's reasoning here again mirrored his analysis with respect to Plaintiff's testimony. *See* AR 20–22. That reasoning fails for the same reasons it failed with respect to Plaintiff's testimony. The ALJ therefore failed to give germane reasons to reject Ms. Grossan's opinions, and harmfully erred.

**D.    Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. *See* Dkt. 21, p. 7. Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)). Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding the severity of her symptoms, Dr. Ruddell's opinions, and Dr. Grossan's opinions. The ALJ shall reassess

Plaintiff's RFC, and all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of June, 2021.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge